# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTAY STOKES**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16cv886 |
| | ) | **Electronic Filing** |
| **CENVEO CORPORATION**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff commenced this action seeking redress under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Presently before this court is non-party Teresa Scherff's ("Scherff") motion to quash a *subpoena duces tecum* or in the alternative for a protective order. Plaintiff issued the subpoena to Scherff. It directed her to produce certain documents which may contain racially-charged electronic communications made by Troy Hagenbush ("Hagenbush"), Regional Vice President and Plant Manager of defendant, about the African American employees under his supervision. For the reasons set forth below, the motion to quash or for a protective order will be denied.

Beginning in April or May of 2016, Scherff began communicating with defendant's former Human Resources employee, Julia Harr ("Harr"). During their communications, Scherff disclosed that Hagenbush had texted her racist comments about his employees and she had thereafter saved "months of texts". Scherff texted Harr: "I have the text. He said I can't wait until this contract gets settled and these lazy black mother f**kers can go back to work. Something like that. I'll find the text." In addition to repeating what Hagenbush had texted, Scherff also sent screenshots of her texts with Hagenbush to Harr.

Scherff revealed to Harr: "I was thinking though maybe you should get your attorney to subpoena these texts as well because I'm afraid Troy might do something to me or my son." Scherff initially seemed eager to release the content of the messages but after being asked multiple times by Harr for the messages, she texted "I just don't want trouble." Scherff is now asserting she "is not in possession or control of any documents responsive to Subpoena."

Scherff was served with a *subpoena duces tecum* on December 12, 2016, containing six requests for the production of documents. The subpoena commanded the production of the following:

1. Please produce any and all text messages by Troy Hagenbush to you, or from you to Troy Hagenbush during the period from January 1, 2016 through and including July 31, 2016.

2. Please produce any and all text messages by you or to any other person where Troy Hagenbush is either named or discussed during the period from January 1, 2016 through and including July 31, 2016.

3. Please produce any and all Facebook messenger messages to any person where Troy Hagenbush was named or discussed during the period from January 1, 2016 through and including July 31, 2016.

4. Please produce any and all cell phone bills for your phone number during the period from January 1, 2016 through and including July 31, 2016.

5. Please produce any and all notes or other documents which discuss or mention Troy Hagenbush during the period from January 1, 2016 through and including July 31, 2016.

6. Please produce any and all documents you either printed or downloaded from the Web Site "Match.com" in which Troy Hagenbush is named or mentioned.

Upon review, the requests for production in paragraphs 1-6 are proper. The requests are relevant to whether Hagenbush, Defendant's Vice President and General Manager, harbors discriminatory animus towards minority employees. Scherff previously admitted that she had responsive information and shared certain aspects of the information with Harr. Her subsequent desire to avoid any controversy and recantation do not displace plaintiffs' right to obtain any responsive information. Therefore, the requests will be enforced as set forth in the subpoena.

Moreover, Scherff's conclusory assertions that these requests are overbroad, unduly burdensome, embarrassing, and annoying are unpersuasive. Under the Federal Rules of Civil Procedure 45(c)(3)(A)(iv), the burden of establishing that a *subpoena duces tecum* imposes an undue burden is on the party moving to quash the subpoena. This burden is a heavy one. See, e.g., Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984) (the party moving to quash a subpoena bears a heavy burden); see also Irons v. Karceski, 74 F.3d 1262, 1264 (D.C. Cir. 1995) (a party seeking to quash a subpoena bears a heavy burden of proof); Williams v. City of Dallas, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (resisting party must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive'") (quoting Barnes Foundation v. Township of Lower Merion, 1997 WL 169442, at *4 (E.D. Pa. April 7, 1997) (citations omitted)).

A successful demonstration of undue burden requires more than "generalized and unsupported allegations." Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 696 (D. Nev. 1994) (citing Doyle v. F.B.I., 722 F.2d 554, 555 (9th Cir. 1983)); see also United States v. $160,066.98 from Bank of Am., 202 F.R.D. 624, 628 (S.D. Cal. 2001) (moving party is required to "show more than expense or difficulty"). Mere assertions that compliance would be burdensome without any showing of specificity will not suffice. See Xerox Corp. v.

International Business Machines Corp., 399 F. Supp. 451, 456 (D.C. N.Y. 1975) (conclusory statement that compliance would require voluminous, unnecessary and unproductive searches failed to demonstrate with any specificity that compliance with demands would result in undue burden); see also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293, 299 (S.D. N.Y. 2009) (conclusory statement of undue burden that does not "set[] forth the manner and extent of the burden and the probable negative consequences of insisting on compliance" is insufficient) (quoting Kirschner v. Klemons, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005)); Johnson v. Jung, 242 F.R.D. 481, 483 (N.D. Ill. 2007) ("Conclusory statements of hardship are not sufficient to meet this burden."); Auto Club Family Ins. Co., v. Ahner, 2007 WL 2480322 at *4 (D.C. La. 2007) (moving party must make a sufficient evidentiary showing as to the manner and extent of the burden as well as the injurious consequences of complying with the subpoena).

Scherff has fallen short of meeting her burden of establishing that compliance with the subpoena will impose an undue burden on her. She has not offered anything beyond unsupported assertions that these requests would create an undue hardship by requiring her to locate and produce electronically stored documents spanning a seven-month period. Scherff's rebuttal that these documents should not be produced because they "cannot possibly lead to any admissible evidence that Cenveo discriminated against plaintiff" misses the mark and does not meet this burden in any event.

Finally, Scherff's claim that some of the materials sought may be privileged or otherwise protected is unavailing. Scherff seeks a protective order limiting disclosure to relevant, non-privileged documents in her possession that do not cause her harm and requests that she only be ordered to produce messages directly concerning the plaintiff and his racial discrimination claim

against Cenveo.  She also takes the seemingly inconsistent position that she does not have any such messages to produce.  Scherff bears the burden of proving that the requested materials are protected from discovery as a matter of law.  See United States v. Kossak, 275 F. Supp.2d 525, 533 (D. Del. 2003) ("The burden rests on the party asserting the privilege."); see also Moyer v. Moyer, 602 A.2d 68, 72 (Del. 1992) ("The burden of proving that the privilege applies to a particular communication is on the party asserting the privilege.").

      Fed. R. Civ. P. 45(d)(2) imposes a duty on a subpoenaed party to advance any claim of privilege expressly, and to support the claim with "a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."  Fed. R. Civ. P. 45(d)(2).  Scherff cannot be said to have expressly claimed privilege, as her objection only refers to "limiting disclosure to relevant, non-privileged documents."  Nonparty's Motion to Quash Or, In the Alternative, Motion for a Protective Order (Doc. No. 24) at 4.  Nor can she advocate that the court should issue "a protective order limiting disclosure to relevant, non-privileged documents in Ms. Scherff's possession that do not cause her harm" and then fail to support such a limitation with information sufficient to assess the applicability of any claim of privilege.[1]  Nonparty's Motion to Quash or, In the Alternative, Motion for a Protective Order at 4; see also Advisory Committee's Note to Fed. R. Civ. P. 45(d)(2) (purpose of the Rule is to provide a party whose discovery is limited by a claim of privilege with information sufficient to evaluate the claim and to resist it if unjustified).  Nor can the moving party make a conclusory assertion as to the existence of privilege.  See Kossak, 275

---

[1] Fed. R. Civ. P. 26(b)(5) also requires a party who resists discovery on the basis of privilege to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).

5

F. Supp. 2d at 533 (a conclusory statement is insufficient to sustain a claim of privilege); see also Ahner, 2007 WL 2480322 at *5 (party cannot rely on a blanket assertion of privilege).

Moreover, given the context and setting, Scherff must use all reasonable means available to seek relief from any protective or other order of seal that precludes dissemination to plaintiff. Only after presenting competent proof that all such measures have been exhausted may she resort to asserting a claim of privilege on such a basis. Scherff has not provided a sufficient basis to substantiate her privilege claim(s). Consequently, Scherff's' motion to quash will be denied on this ground as well.

For the reasons set forth above, non-party Teresa Scherff's motion to quash or in the alternative for a protective order will be denied and she will be directed to comply with the *subpoena duces tecum* forthwith. An appropriate order will follow.

Date: August 24, 2017

                                                  s/David Stewart Cercone
                                                  David Stewart Cercone
                                                  United States District Judge

cc:     Samuel J. Cordes, Esquire
        Taylor E. Gillan, Esquire
        Jon Bierman, Esquire
        Q. Todd Dickinson, Esquire
        Mark W. Weisman, Esquire
        William B. Hill, Jr., Esquire
        Lilian H. Davis, Esquire

        (*Via CM/ECF Electronic Mail*)